Filed 4/9/13  In re Xavier P. CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re XAVIER P. et al., Persons Coming Under the Juvenile Court Law. | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>NORMA A.,<br><br>Defendant and Appellant. | F064837<br><br>(Super. Ct. Nos. 11CEJ300157-1 & 11CEJ300157-2)<br><br>**O P I N I O N** |

### THE COURT*

APPEAL from orders of the Superior Court of Fresno County.  Mary D. Dolas, Commissioner.

S. Lynne Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kevin B. Briggs, County Counsel, and William G. Smith, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Wiseman, Acting P.J., Levy, J., and Kane, J.

Norma A. appeals from the juvenile court's jurisdictional findings adjudging her three-year-old son, Xavier, and one-year-old daughter, Precious, dependents under Welfare and Institutions Code section 300, subdivisions (b) and (j).[1]  She challenges the sufficiency of the evidence that there was a current risk of harm to support jurisdiction under either subdivision.  We affirm.

### PROCEDURAL AND FACTUAL SUMMARY

Norma is the mother of four children, Xavier and Precious, the subjects of this appeal, and Alexander and Maritza, now in permanent placements.  Norma also has a history of methamphetamine use and treatment noncompliance.

In April 2007, the Kings County Human Services Agency (agency) filed a nondetention petition on behalf of then six-year-old Alexander and newborn Maritza after Norma and Maritza tested positive for amphetamines.  The agency allowed the children to remain in Norma's care and offered her family maintenance services that included drug testing and a substance abuse assessment.  Norma was referred for drug treatment but did not enroll and stopped drug testing in November 2007.  In April 2008, she tested positive for methamphetamine and the agency took Alexander and Maritza into protective custody and filed a supplemental petition (§ 387), asking the juvenile court to order them removed.  The juvenile court sustained the petition and ordered six months of reunification services, including random drug testing and a substance abuse assessment, for Norma.  However, Norma did not complete drug treatment or drug test.  Consequently, in December 2008, the juvenile court terminated reunification services.  In July 2009, the juvenile court terminated Norma's parental rights as to Maritza and ordered a permanent plan of adoption.  In 2011, the juvenile court ordered a permanent plan of legal guardianship for Alexander and dismissed the dependency proceedings.

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

These dependency proceedings were initiated in August 2011 when Norma was arrested for a home invasion robbery. The adult male victim reported that Norma and another woman forcibly took money from him and that Norma threatened him with a pocket knife when he said he was going to call the police. At the time, Norma was on felony probation for first degree burglary.

Norma was arrested the next day at her home for first degree robbery and the Fresno County Department of Social Services (department) was contacted to take then two-year-old Xavier and three-month-old Precious into protective custody.

Social worker Cooper responded to the crisis call and entered Norma's home. She found the children in the care of their maternal grandmother who appeared "groggy." She told Cooper that she took pain medication and did not know where Norma was on the day of the home invasion. She said she took her medication and went to bed. The grandmother changed her account of whether she saw Norma the following morning. She said she saw her and then stated that she did not. Cooper noted that the children were clean and appropriately dressed and the home met the minimal standards. The grandmother told Cooper that Norma took good care of the children when she was home but she was not home very often.

Cooper also spoke to Norma's probation officer who stated that Norma was ordered to abstain from drug use, submit to random drug testing, and complete outpatient substance abuse treatment. However, she had not completed substance abuse treatment or drug tested in six months. That same day, Norma was asked to drug test but did not.

The department filed a dependency petition alleging the children came within the juvenile court's jurisdiction under section 300, subdivisions (b) (failure to protect) and (j) (abuse of sibling) because of Norma's continuing drug use.

The juvenile court ordered Xavier and Precious detained and the department referred Norma for parenting instruction, an addiction severity index, random drug

3

testing, and a mental health assessment. The department placed the children together in foster care.

Norma's attorney challenged the sufficiency of the evidence to sustain the section 300, subdivisions (b) and (j) allegations and the juvenile court set a contested jurisdictional hearing. The contested hearing was conducted in December 2011.

Meanwhile, the department amended the petition. The fourth amended and final petition alleged under section 300, subdivision (b) that Norma's continuing drug use placed the children at a substantial risk of harm because she did not complete substance abuse treatment or drug test, tested positive in March 2011 while pregnant with Precious, and refused to drug test in August 2011. The petition further alleged under subdivision (j) that Norma's failure to comply with services in Kings County placed Xavier and Precious at risk of the kind of abuse and neglect suffered by Alexander and Maritza.

In December 2011, at the contested jurisdictional hearing, Norma's attorney presented her case by argument only. She argued that Xavier and Precious were taken into protective custody because Norma was being arrested and the arresting officers insisted on placing a protective hold on the children. Otherwise, she argued, the children were not at risk of harm. Following argument, the juvenile court sustained the section 300, subdivisions (b) and (j) allegations and set the matter for disposition.

In its report for the dispositional hearing, the department recommended that the juvenile court deny Norma reunification services under section 361.5, subdivision (b)(10), (11) and (13) because of her failure to treat her drug problem. The department also informed the juvenile court that Norma was sentenced to two years in state prison and recommended that the court order reunification services for Miguel T., the presumed father of Xavier and Precious.

In April 2012, the juvenile court convened a contested dispositional hearing. Norma was incarcerated and not transported for the hearing and her attorney proceeded by argument only. Following argument, the juvenile court took judicial notice of

4

Alexander and Maritza's juvenile court records, ordered Xavier and Precious removed from parental custody, and denied Norma reunification services as recommended by the department. The juvenile court ordered reunification services for Miguel and set a six-month status review hearing. This appeal ensued.

## DISCUSSION

Norma contends there is insufficient evidence to support the juvenile court's findings under section 300, subdivisions (b) and (j) that her drug abuse posed a current risk of physical harm to Xavier and Precious. Rather, she contends the evidence reflects that the children were well cared for and not living in an environment where drugs were present.

Section 300, subdivision (b) provides, in pertinent part, that a child comes within the jurisdiction of the juvenile court if "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, ... by the inability of the parent … to provide regular care for the child due to the parent's … substance abuse." Proof of risk of harm at the time of the jurisdictional hearing is not required to support jurisdiction pursuant to section 300, subdivision (b), but may be satisfied by showing the child has suffered or there is a substantial risk that the child will suffer serious physical harm or abuse. (*In re Adam D*. (2010) 183 Cal.App.4th 1250, 1261.)

Moreover, the risk of substantial physical harm does not have to be an identified, specific hazard in the child's environment. (*In re Rocco M*. (1991) 1 Cal.App.4th 814, 824.) Rather, the requisite risk of harm can be found where the children are "of such tender years that the absence of adequate supervision and care poses an inherent risk to their physical health and safety." (*Ibid*.)

On a challenge to the sufficiency of the evidence to support a jurisdictional finding, we determine whether substantial evidence supports it. (*In re Heather A*. (1996) 52 Cal.App.4th 183, 193 (*Heather A*.).) In so doing, "we draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review

5

the record in the light most favorable to the court's determinations; and we note that issues of fact and credibility are the province of the trial court." (*Ibid*.) The appellant bears the burden of showing the finding is not supported by substantial evidence. (*In re L.Y.L.* (2002) 101 Cal.App.4th 942, 947.)

In this case, there was substantial evidence that, at the time of the jurisdictional hearing, Xavier and Precious were at a substantial risk of suffering serious physical harm because of Norma's drug use. Norma had a long history of methamphetamine use that she refused to treat and was engaged in serious criminal activity that involved violence. Consequently, when Norma was home with the children, she was likely under the influence of methamphetamine and potentially dangerous. Under the circumstances, the juvenile court could reasonably infer that Norma posed an inherent risk of danger to her children by virtue of her continuing drug abuse and violent propensity.

We conclude the juvenile court was entitled to protect Xavier and Precious from Norma's drug abuse. The juvenile court does not have to wait until a child is seriously injured or abused to assume jurisdiction and take the steps necessary to protect the child. (*Heather A*., *supra*, 52 Cal.App.4th at p. 194.)

Given our conclusion that substantial evidence supports jurisdiction under section 300, subdivision (b), we need not address Norma's argument that the evidence does not support a jurisdictional finding under subdivision (j). (*In re Jonathan B*. (1992) 5 Cal.App.4th 873, 875 ["[A] reviewing court may affirm a juvenile court judgment if the evidence supports the decision on any one of several grounds"].)

## DISPOSITION

The juvenile court's jurisdictional findings are affirmed.